# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SOCIETY OF ANESTHESIOLOGISTS,<br><br>Plaintiff,<br><br>v.<br><br>BEVMD, LLC,<br><br>Defendant. | Case No. 15-cv-600-BAS(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 74]** |

On November 18, 2014, Plaintiff American Society of Anesthesiologists ("ASA") commenced this action in the Northern District of Illinois for trademark infringement. Thereafter, Defendant BevMD, LLC transferred this action to the Southern District of California. On June 1, 2015, Plaintiff filed a First Amended Complaint ("FAC"), adding claims for violations of California statutes and declaratory-judgment claims for patent non-infringement and invalidity. (ECF No. 66.) Defendant now moves to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

//

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

I.  BACKGROUND

Plaintiff is a "not-for-profit association of physicians created to raise and maintain the standards of the medical practice of anesthesiology and to improve patient care." (FAC ¶ 1.) It publishes preoperative fasting guidelines intended to inform patients undergoing surgical procedures by recommending the period of time prior to surgery that a patient should not consume liquids or solids. (*Id.* ¶¶ 1, 29.) Plaintiff's preoperative guidelines "do not promote, advertise, or provide instructions for the consumption of any specific preoperative beverage." (*Id.* ¶ 31.) Furthermore, it owns federally registered trademarks for both "ASA" (U.S. Trademark Registration 3,692,276) and "American Society of Anesthesiologists" (U.S. Trademark Registration 3,760,149). (FAC ¶¶ 20-25, Exs. A, B.)

Defendant created a product called Clearfast, which Plaintiff alleges is a preoperative beverage that is "advertised and promoted as having been designed to help a patient prepare for surgery by clearing the patient's stomach, reducing pre-surgery hunger and thirst, and reducing residual gastric volume and acidity." (FAC ¶ 33.) According to the FAC, Defendant, in its advertising and promotion of Clearfast, "has and continues to make false statements and representations regarding ASA® and has and continues to infringe upon ASA®'s federally registered trademarks." (*Id.* ¶ 3.)

Defendant's alleged false statements include: (1) on Defendant's website that Clearfast "Meets American Society of Anesthesiologist's Preoperative Guidelines for Clear Liquids" (FAC ¶ 35, Ex. C); (2) that Clearfast has the "ASA (American Society of Anesthesiologists) seal of compliance" (FAC ¶ 35, Exs. C-E); (3) that the "[ASA has] completely validated the Clearfast patent with the endorsement of

the 'two hour clear liquid fast' . . . [and that] in an unprecedented action, the ASA allowed BevMD to declare, on its Clearfast label, that it was in total compliance with those fasting guidelines!" (FAC ¶ 41, Ex. F); and (4) in two press releases, a proclamation that "[ASA] granted Clearfast the distinction of stating on its label that it totally complies with its preoperative fasting guidelines" (FAC ¶ 45, Ex. G) and that "Clearfast is the first U.S. patented and American Society of Anesthesiologist approved pre-operative beverage designed and patented by anesthesiologist M. Lou Marsh, M.D." (FAC ¶ 48, Ex. H).

Plaintiff further alleges that Defendant's conduct was willful and has caused Plaintiff damages and injury. (FAC ¶¶ 55-77.) Among these injuries, Plaintiff elaborates that it "has suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its trademark, and injury to its status as an unbiased scientific organization." (*Id.* ¶ 76.)

In its FAC, Plaintiff asserts eight claims: (1) Federal Trademark Infringement; (2) False Designation of Origin; (3) Violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; (4) Common Law Trademark Infringement; (5) Declaratory Judgment of Non-infringement of U.S. Patent No. 6,069,131 ("the '131 Patent"); (6) Declaratory Judgment of Invalidity of the '131 Patent; (7) State False Advertising, Violation of California Business Code § 17500 *et seq.*; and (8) State Unfair Competition, Violation of the California Unfair Competition Law - § 17200 *et seq.* Now pending before the Court is Defendant's motion to dismiss Plaintiff's Third, Fifth, Sixth, Seventh, and Eighth claims under Rule 12(b)(6). Plaintiff opposes.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court

must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)

(superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

#### A. Declaratory Judgment for Patent Non-Infringement and Invalidity

Defendant argues that Plaintiff's declaratory-judgment claims for patent non-infringement and invalidity should be dismissed because they are "conclusory allegations . . . wholly devoid of factual support." (Def.'s Mot. 4.) As such, Defendant argues that the allegations fail to state claims that are plausible on their face, and cannot withstand scrutiny under the Supreme Court's *Twombly* and *Iqbal* standards.

Apart from alleging in the FAC that "Defendant claimed in writing that [Plaintiff] was infringing, or contributing to the infringement of [Defendant's '131 Patent] which Defendant claims applies to its Clearfast product," Plaintiff scantly alleges: (1) with respect the non-infringement, "[t]he ASA® does not infringe, and has not infringed directly, indirectly, willfully, or otherwise, any claim of the '131 Patent"; and (2) with respect to invalidity, "[t]he claims of the '131 Patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 102 and/or 103." (FAC ¶¶ 94-95, 98.)

Defendant cites several cases in which a party's claim for patent non-infringement and invalidity were dismissed for failure to "raise a right to relief above the speculative level" or failure to "state a claim that is plausible on its face." (Def.'s Mot. 3-8.) Admittedly, the patent claims in *Qarbon.com*, *PB Farradyne*, and *Duramed* are at least as detailed, if not more detailed, than the claims pled here. *See Qarbon.com v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004)

(dismissing a claim as being "radically insufficient" where it stated "the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112"); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (dismissing a claim because it did not "provide defendants with sufficient notice of the basis for its claims); *Duramed Pharms., Inc. v. Watson Labs., Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008) (dismissing a counterclaim which contained the general allegation that the claims of the patent-in-suit were "invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*"). However, these cases are distinguishable because they involve affirmative claims or counterclaims of direct patent infringement, rather than declaratory-judgment claims for patent non-infringement and invalidity, as is the case here. *See Advance Transformer Co. v. Levinson*, No. 79 C 557, 1986 WL 8436 at *25 (N.D. Ill. June 17, 1986), *rev'd in part on other grounds*, 837 F.2d 1081 (Fed. Cir. 1988) ("Even in a declaratory judgment action where plaintiff pleads non-infringement, the patentee-defendant still has the burden to prove infringement."); *see also Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) ("The burden always is on the patentee to show infringement.").

Patent Local Rule 3.1 places the burden on the "party claiming patent infringement" to provide a "Disclosure of Asserted Claims and Infringement Contentions," which must include a range of factual information related to the alleged infringement. And Patent Local Rule 3.2 requires the "party claiming patent infringement" to disclose specific categories of documents supporting the alleged infringement. As Plaintiff correctly points out in its opposition, for all practical purposes, Local Patent Rule 3.5 lowers the pleading standard set forth by *Twombly* and *Iqbal* in the context declaratory-judgment claims for non-infringement and invalidity before an affirmative claim for patent infringement has

been made.  Local Patent Rule 3.5(a) provides:

> In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent Local Rules 3.1 and 3.2 [setting forth disclosure procedures and procedures for document production accompanying that disclosure] will not apply unless and until a claim for patent infringement is made by a party.  If the defendant does not assert a claim for patent infringement in answer to the complaint, no later than fourteen (14) days after the Initial Case Management Conference the party seeking a declaratory judgment must serve upon each opposing party Preliminary Invalidity Contentions that conform to Patent L.R. 3.3 and produce or make available for inspection and copying the documents described in Patent L.R. 3.4.

Patent L.R. 3.5(a).  To summarize, when a party files a complaint seeking a declaratory judgment that a patent is not infringed or is invalid, as Plaintiff does here, that party's obligation to make these disclosures is suspended until the patent holder actually makes an affirmative claim for patent infringement. *See id.*  As a party that is not the patent holder claiming direct infringement, but rather a party seeking a declaration of non-infringement and invalidity, Plaintiff's disclosure requirements do not trigger until Defendant asserts direct infringement in its answer.

In addition to this district's Local Patent Rules altering the normal litigation dynamic for such declaratory-judgment actions, Plaintiff's pleadings pertaining to the declaratory-judgment claims for patent non-infringement and invalidity are sufficiently pled.  Patent cases are unique with respect to pleadings, and arguments for more specificity in a complaint are not always warranted.  *See ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) (holding that "it would be incongruous to

require heightened pleading when the pleading standard for infringement does not require facts such as 'why the accused products allegedly infringe' or 'to specifically list the accused products.'"). Courts have held that pleadings for patent invalidity that only identify the statutory basis for each claim are sufficient even in light of *Twombly* and *Iqbal*. See *ASUSTeK*, 2011 WL 6845791, at *13. The sufficiency of such claims are generally upheld in order to respect districts' patent local rules, which procedurally require detailed disclosures soon after an action is filed. *See id.* Such patent local rules, and in this case, this district's Patent Local Rule 3.5, fulfills the Supreme Court's pleading standard "[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on[,]" though not immediately from the outset.[1] *See id.*; *see also Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1248 (D. Nev. 2014) (denying a motion to dismiss because the district's local patent rules "obviate these pleading requirements in patent cases").

Non-infringement claims, however, operate a little differently, requiring at the very least the identification of a specific product, in order to provide reasonably detailed notice of the claims asserted. See *ASUSTeK*, 2011 WL 6845791, at *13; *see also Aubin Indus., Inc. v. Caster Concepts, Inc.*, No. 2:14-cv-02082-MCE-CKD, 2015 WL 3914000, at *4 (E.D. Cal. June 25, 2015) (finding that "simply alleging" that a product fails to infringe on a patent is sufficient for asserting non-infringement and implying the heightened pleading standard of *Twombly* and *Iqbal* do not apply non-infringement claims). In this case, Plaintiff alleges facts indicating that Defendant knew about potential infringement of the '131 Patent based on Defendant allegedly "claim[ing] in writing that the ASA® was infringing,

---

[1] The Court recognizes that "[c]ourts are split on whether invalidity claims must meet the pleading standards of *Twombly* and *Iqbal*." *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (comparing the application of pleading standards in *Microsoft* and *Qarbon.com*). Ultimately though, this Court, like the *Sliding Door* Court, "agrees with the district courts that require sufficient allegations to give fair notice to the other party." *See id.*

or contributing to the infringement of, the '131 Patent which Defendant claim[ed] applies to its Clearfast product." (*See* FAC ¶ 94.) Plaintiff further supports that assertion with the actual letter it received from Defendant. (Lewis Decl. Ex. 1.) Therefore, despite the scant facts alleged with respect to the non-infringement claim, Plaintiff nonetheless fulfills its responsibility of giving fair notice to Defendant of a potential dispute arising from the '131 Patent. *See Sliding Door*, 2013 WL 2090298, at *4; *ASUSTeK*, 2011 WL 6845791, at *13.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's declaratory-judgment claims for patent non-infringement and invalidity.

### B. State-Law Claims

Defendant argues that Plaintiff lacks standing under the California Unfair Competition Law ("UCL"), California False Advertising Law ("FAL"), and Illinois Uniform Deceptive Trade Practices Act ("DTPA") because Plaintiff fails to allege an "economic injury in-fact." (Def.'s Mot. 9-10.) In response, Plaintiff contends that it alleges at least two types of economic injury—diminution in the value of its trademark and loss of royalties as a result of trademark infringement under the Lanham Act—each of which is sufficient to confer standing under UCL, FAL, and DTPA. (Pl.'s Opp'n 4-7.)

#### 1. California FAL and UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. This claim is generally derivative of some other illegal conduct or fraud committed by a defendant. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Moreover, California's UCL and FAL use the same standard to assess injury-in-fact. *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 529 (N.D. Cal. 2012). Consequently, establishing standing under one confers standing under the other. *See id.* For the purposes of this order, the

1  Court will analyze standing primarily through the lens of California's UCL.

2  Standing to bring a UCL action requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that: (1) he or she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56 (2008)); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

To show an economic injury, a plaintiff may: (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Kwikset*, 51 Cal. 4th at 323. Though "lost money or property" as an economic injury is a "classic form of injury in fact," it is not the exclusive means of establishing an injury in fact under California's UCL. *See id.* at 323-24.

Here, Plaintiff sufficiently alleges both an economic injury and that Defendant caused the injury as a result of unfair competition and false advertising. Specifically, Plaintiff alleges diminution in the value of its trademarks as a result of Defendant's unfair competition and false advertising. Courts have found the diminution to a trademark's value to be a valid economic injury under the UCL. *See, e.g. Overstock, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 716 (2007) (stating that "diminution in value of [the plaintiff's] assets and decline in its market capitalization and other vested interests" as a result of the defendant's alleged unfair competition is sufficient to establish standing under the UCL).

Plaintiff also alleges trademark infringement under the Lanham Act and common law, for which it is entitled to, among other remedies, a reasonable royalty for Defendant's use of Plaintiff's trademark. Courts have found that a loss of royalty is also a valid economic injury under the UCL. *See, e.g., BizCloud, Inc. v. Computer Sciences Corp.*, No. C-14-00162, 2014 WL 1724762, at *4 (N.D. Cal. Mar. 29, 2014) (stating that lost royalty payments constitute money sufficient to establish standing under the UCL).

Defendant cites to two cases, both of which Plaintiff correctly distinguishes from the facts at issue here. First, Defendant cites *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553 (1998), for the proposition that a "private not-for-profit that was neither a customer nor competitor . . . had no standing to bring UCL claim." (Def.'s Mot. 9-10). However, to the contrary, the *Stop Youth Addiction* Court held that a "private, for-profit corporation" *did* have standing to bring a claim under the UCL despite being neither a customer nor competitor of the defendant. *See Stop Youth Addiction*, 17 Cal. 4th at 558.

Second, Defendant cites *Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015), for the proposition that the "economic injury-in-fact requirement" for the FAL "demands [Plaintiff] show that, by relying on a misrepresentation on a product label, it paid more for a product than it otherwise would have paid, or bought it when it otherwise would not have done so." (Def.'s Mot. 10.) However, *Reid* merely recognized that this is one way that a plaintiff may establish standing under the UCL and FAL, not that it is the *only* way. *See Reid*, 780 F.3d at 958. In fact, the California Supreme Court has recognized that there are "innumerable ways" that a plaintiff may demonstrate "economic injury" sufficient to confer UCL and FAL standing. *See, e.g., Kwikset*, 51 Cal. 4th at 323; *POM Wonderful LLC v. Coca Cola Co.*, No. CV 08-06237 SJO (FMOx), 2009 WL 6254619, at *3 (C.D. Cal. Sept. 15, 2009) (allegation of lost market share constitutes economic injury sufficient to support standing under UCL and FAL).

Lastly, to state a claim under the UCL based on false advertising or promotional practices, a plaintiff need only "show that members of the public are likely to be deceived" by the defendant's conduct. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). "'Likely to deceive' . . . indicates that the ad[vertisement] is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Here, there are ample facts alleged in Plaintiff's FAC to support the contention that Defendant's advertising and promotional efforts were reasonably misleading. (*See* FAC ¶¶ 35, 41, 45, 48.)

Accordingly, the Court finds that Plaintiff adequately alleges facts to support standing under both the UCL and FAL, and thus, **DENIES** Defendant's motion to dismiss Plaintiff's claims for violations of California's UCL and FAL. *See Ries*, 287 F.R.D. at 529.

### 2. Illinois DTPA

The argument that Defendant asserts challenging Plaintiff's DTPA claim is ambiguous. The "argument" amounts to a single sentence: "The DTPA is merely a codification of the Illinois common law of unfair competition." (Def.'s Mot. 9.) Neither Plaintiff nor this Court contends otherwise. However, as Plaintiff points out, it is unclear how this single-sentence "argument" constitutes a challenge to the sufficiency of Plaintiff's allegations under the DTPA or its standing to pursue this claim. As such, Defendant fails to satisfy its burden under Rule 12(b)(6).

Assessing the sufficiency of the DTPA claim nonetheless, Plaintiff adequately alleges that Defendant falsely represented that ASA "sponsored, approved, certified, or guaranteed" Clearfast, in direct violation of the DTPA's prohibition of any representation that "goods or services have sponsorship [or] approval . . . that they do not have" or any action that "causes likelihood of

confusion or of misunderstanding as to the source, sponsorship, approval, or certification or goods or services." *See* 815 ILCS 510/2(a)(2), (5).

Moreover, the DTPA provides standing to anyone who is "likely to be damaged by a deceptive practice[.]" 815 ILCS 510/3. As this Court previously noted, Plaintiff sufficiently alleges damages resulting from Defendant's deceptive conduct—the diminution in the value of its trademark and loss of royalties as a result of trademark infringement under the Lanham Act.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's DTPA claim.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss. (ECF No. 74.) Additionally, because Defendant fails to justify striking Plaintiff's *entire* opposition brief under Rule 12(f) for attaching a purportedly improper letter as an exhibit and sanctioning Plaintiff for submitting said letter, the Court also **DENIES** Defendant's motion to strike (ECF No. 81). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.).

**IT IS SO ORDERED.**

DATED: March 31, 2016

Hon. Cynthia Bashant
United States District Judge